(No. 81-CC-0557-)

CATHOLIC CEMETERIES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed September 8, 1981.*

*Order filed July 29, 1982.*

*Order on stipulation filed May 23, 1983.*

GARRETSON & SANTORA, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN W. SCHOCK, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

ROE, C. J.

This matter coming to be heard upon the motion of Respondent to dismiss and the objection thereto filed by Claimant, due notice having been given, and the Court being fully advised, the Court finds:

1. That Claimant is suing in his own right and not as subrogee Gallagher Basset Insurance Company.

2. That Claimant received from Gallagher Basset Insurance Company the sum of $3,407.00.

3. That the State is entitled to a set-off for any insurance received by the Claimant.

4. That as Claimant can receive no more money here than he has already received from the insurance company, the complaint fails to state a cause of action.

It is hereby ordered that the instant claim be stricken and dismissed, with prejudice.

## ORDER

ROE, C. J.

This cause coming on to be heard on the Claimant's motion to vacate and petition for rehearing, Respondent's response to Claimant's motion to vacate and petition for rehearing, Claimant's reply to Respondent's response to motion to vacate and petition for rehearing, Respondent's supplemental response to Claimant's motion to vacate and petition for rehearing, Claimant's reply to Respond-

ent's supplemental response to Claimant's motion to vacate and petition for rehearing, and Respondent's response to Claimant's reply to respondent's supplemental response to Claimant's motion to vacate and petition for rehearing, (the last named document having been filed on two different occasions, the second of which contained a supplemental certificate of service), it appearing to us that due notice has been given, and the Court being *fully* advised;

The genesis of the matter now before us was our order of September 8, 1981, wherein we dismissed the claim with prejudice. The evidence indicated that Claimant had received funds from an insurance company by reason of the incident complained of and for the entire amount claimed. Our ruling was consistent with section 26 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24—6) and currently prevailing case law based on the facts and arguments on record at the time the order was entered.

Following this order we were virtually inundated with paper as the parties battered about a simple technicality. It all could have been avoided by filing the claim in the name of the party suffering the loss. At the time our order was entered it appeared on the record that Catholic Cemeteries had suffered no loss because of the insurance proceeds. It appeared further that Gallagher Basset Insurance Company should have been named or added as Claimant. The rule followed in this Court prevents windfall recovery over and above the amount of the loss. Subrogated parties are named. The danger of potential prejudice of jurors toward insurance companies is nonexistent because there is no jury.

In its response to the motion to dismiss, the Claimant, in the alternative, asked leave of the Court to amend its complaint to show the insurance company as

subrogee. In the ordinary course this would have been allowed. However, the Claimant filed said response more than two weeks after the period allowed by the Rules of the Court of Claims. On the same day as it was filed, our order of dismissal was filed.

Now it appears that the funds paid by the insurance company belonged to the Archdiocese of Chicago and were out of a self-insurance fund which was only administered by the insurance company. It also appears that the Archdiocese and Catholic Cemeteries are one and the same. Therefore there is no need to amend the complaint.

It is hereby ordered that our order of September 8, 1981, be, and hereby is, vacated; it is further ordered that Respondent's motion to dismiss be, and hereby is denied.

## ORDER ON STIPULATION

ROE, C.J.

This matter coming before the Court on the joint stipulation of the parties, and the Court being fully advised in the premises;

It is hereby ordered, adjudged, and decreed that an award of $1,700.00 be and hereby is made to Claimant and the stipulation of the parties be incorporated into this order.